UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2004 MAY 13 P 3: 49

BOSTON AND MAINE CORPORATION,
SPRINGFIELD TERMINAL RAILWAY
 CORPORATION, and
MAINE CENTRAL RAILROAD COMPANY,

           Plaintiffs,

     -against-

CRAIG BENSON, Governor of New
 Hampshire,
NEW HAMPSHIRE DEPARTMENT OF
 TRANSPORTATION and
CAROL A. MURRAY, Commissioner of
 the New Hampshire Department
 of Transportation,

           Defendants.

Civil Action No. C.04-181-JM

**COMPLAINT—JURY TRIAL DEMANDED**

1.    This is an action for declaratory and injunctive relief, as well as for damages, for actions of the defendants in violation of the plaintiffs' rights under the Constitution of the United States, federal law and New Hampshire law.

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1343 and 1367, in that (a) the action arises under the Constitution and laws of the United States, (b) the action is brought to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the Constitution of the United States and by an Act of Congress providing for equal rights of citizens and all persons within the jurisdiction of the United States, (c) more than $75,000 is in controversy and all the plaintiffs, on the one hand, and all the defendants, on

1

the other, are citizens of different states, and (d) the state law claims are so related to the federal claims as to form part of the same case or controversy.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) because all the defendants reside here and a substantial part of the events and omissions giving rise to the claims occurred here.

4. The plaintiffs—Boston and Maine Corporation ("B&M"), Springfield Terminal Railway Company ("ST"), and Maine Central Railroad Company ("MEC")—provide rail freight service in New Hampshire and other states in the northeastern United States. The plaintiffs are wholly owned by Guilford Transportation Industries, Inc. and are collectively referred to herein as "Guilford."

5. B&M is incorporated in Delaware and has its principal place of business in Massachusetts.

6. ST is incorporated in Vermont and has its principal place of business in Massachusetts.

7. MEC is incorporated in Maine and has its principal place of business in Massachusetts.

8. The defendants are the New Hampshire Department of Transportation ("NH DOT"), Governor Craig Benson, and NH DOT Commissioner Carol A. Murray. Governor Benson and Commissioner Murray are sued in their official capacities. On information and belief, Governor Benson and Commissioner Murray are citizens of New Hampshire.

9. Guilford is a railway company that owns rail properties in New Hampshire.

10. Section 228:60-b of the New Hampshire Revised Statutes Annotated ("N.H. RSA") unlawfully restrains Guilford and other railway corporations from freely alienating their

property by requiring that any "rail properties within the state offered for sale by any railway corporation . . . shall be offered for sale in writing to [NH DOT] in the first instance," on terms at least as favorable as those offered to any other person or entity. N.H. RSA § 228:54 defines "rail properties" as "assets or rights, both real and personal, owned, leased, or otherwise controlled by a railroad which are used or useful in rail transportation service."

11. Section 228:60-b further provides that the State of New Hampshire shall advise the railway corporation within ninety days thereafter "of its acceptance or rejection of the offer."

12. Section 228:60-b contains no requirement that the state, in the event it accepts the offer, close the sale within a given time, thus permitting an acceptance by the state effectively to freeze indefinitely the railway corporation's right to convey clear title to its property.

13. The requirements of Section 228:60-b do not apply generally to property or to property owners in New Hampshire, but only to rail properties for sale by railway companies.

14. In effect, Section 228:60-b forces Guilford to grant NH DOT an exclusive option to acquire any rail property that Guilford desires to sell or otherwise dispose of. (the "Forced Option")

15. Each Forced Option has a duration of ninety days if NH DOT takes no action but can have a far longer duration if NH DOT "accepts" the offer within ninety days and then either takes an extended time to complete the purchase or never completes the purchase.

16. Neither Section 228:60-b nor any other aspect of New Hampshire law provides for the payment of compensation to Guilford for the grant of a Forced Option.

17. In addition to the effect of the forced-option provisions of Section 228:60-b, it is Guilford's standard practice—and the standard practice in real estate transactions in New Hampshire—to require a deposit equal to ten percent of the purchase price in each purchase and

sale agreement. The consistent practice of NH DOT, however, is to refuse to enter into purchase and sale agreements with Guilford, and hence to refuse payment of the standard ten percent deposit, until the actual closing of the transaction. This practice deprives Guilford of the use of the ten percent deposit during the period between acceptance of an offer by NH DOT and the closing of the sale.

18. Guilford frequently sells, conveys or otherwise disposes of rail properties located in New Hampshire.

19. On several recent occasions, Guilford's ability to dispose of rail property in New Hampshire has been hindered and obstructed by the requirements of Section 228:60-b. This situation undoubtedly will recur in many instances in which Guilford seeks to sell or otherwise dispose of rail property in New Hampshire.

20. One example involved the portion of the Manchester-Lawrence rail line between Salem, New Hampshire and the Massachusetts-New Hampshire border. Guilford was compelled to hold this parcel off the market because NH DOT expressed its intention to acquire the property and stated that it had received funding for the purchase. NH DOT ultimately failed to complete the purchase and, on information and belief, no longer plans to acquire this parcel. Guilford has not been compensated for the considerable period between June 25, 2003, when NH DOT informed Guilford of its intention to make the purchase, and the present.

21. A second example involves a parcel of property in Rochester, New Hampshire. Guilford advised NH DOT on January 26, 2004 of Guilford's intent to dispose of this parcel and enclosed a purchase and sale agreement containing the same terms that Guilford had offered to the prospective private purchaser. By letter dated April 7, 2004, NH DOT, acting through Commissioner Murray, accepted Guilford's offer. NH DOT failed to complete the purchase on

the settlement date set out in the purchase and sale agreement. Guilford informed NH DOT of its intention to convey the property to the original private purchaser but NH DOT refused to provide a release. Guilford then closed the sale to the private purchaser but there may be a cloud on the purchaser's title due to the action of NH DOT in first accepting the offer and then failing to complete the transaction and refusing to provide a release.

### First Cause of Action

22. Guilford repeats the allegations of paragraphs 1 through 21 as if fully set forth here.

23. Section 228:60-b's restraint on alienation and requirement that Guilford and other railroad corporations grant the Forced Options to NH DOT on the sale of rail properties in New Hampshire constitute takings within the meaning of the Fifth Amendment to the United States Constitution, as made applicable to the states by the Due Process Clause of the Fourteenth Amendment thereto.

24. The failure and refusal of NH DOT to pay just compensation for such takings violates Guilford's rights under the Fifth and Fourteenth Amendments to the United States Constitution, as made actionable under 42 U.S.C. § 1983.

### Second Cause of Action

25. Guilford repeats the allegations of paragraphs 1 through 24 as if fully set forth here.

26. Section 228:60-b's restraint on alienation and requirement that Guilford and other railroad corporations grant the Forced Options to NH DOT on the sale of rail properties in New Hampshire constitute takings within the meaning of Part 1, Article 12 of the New Hampshire Constitution.

27. The failure and refusal of NH DOT to pay just compensation for such takings also violates Guilford's rights under Part 1, Article 12 of the New Hampshire Constitution.

### Third Cause of Action

28. Guilford repeats the allegations of paragraphs 1 through 27 as if fully set forth here.

29. The disparate treatment of Guilford and other railroad corporations under Section 228:60-b violates such entities' right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution, as made actionable under 42 U.S.C. § 1983.

### Fourth Cause of Action

30. Guilford repeats the allegations of paragraphs 1 through 29 as if fully set forth here.

31. The disparate treatment of Guilford and other railroad corporations under Section 228:60-b violates such entities' right to equal protection of the laws under Part 1, Article 12 of the New Hampshire Constitution.

### Prayer for Relief

WHEREFORE, Guilford prays that this Court:

1) declare, pursuant to 28 U.S.C. § 2201, that N.H. RSA § 228:60-b is invalid and unconstitutional insofar as it fails to provide for the payment of just compensation for the Forced Options on the property of Guilford and other railway corporations;

2) declare, pursuant to 28 U.S.C. § 2201, that N.H. RSA § 228:60-b is invalid and unconstitutional insofar as it treats Guilford and other railway corporations differently from property owners generally;

3) permanently restrain and enjoin NH DOT, Governor Benson and Commissioner Murray, together with their agents, employees and successors in interest, from enforcing Section 228:60-b;

4) award Guilford its damages for any and all past conduct of the defendants, their agents, their employees and their predecessors in interest under Section 228:60-b;

5) award Guilford its costs, including reasonable attorneys' fees, as provided by 42 U.S.C. § 1988; and

6) award Guilford such other and further relief as is just and proper.

**Guilford demands a trial by jury of all claims so triable.**

Respectfully submitted,

Date:

_____
R. Matthew Cairns (NH Bar No. 411)
Ransmeier & Spelman, P.C.
One Capitol Street, P.O. Box 600
Concord NH 03302-0600
Tel. 603-228-0477

Eric L. Hirschhorn (DC Bar No. 177394)
Winston & Strawn
1400 L Street, N.W.
Washington DC 20005-3502
Tel. 202-371-5706

Robert B. Culliford
Guilford Rail Systems
Iron Horse Park
North Billerica, MA 01862-1692
Tel. 978-663-1029